[*323]

----

## RICHARDS *v.* BARLOW AND OTHERS.

On a reference of exceptions to an answer, if part of the exceptions are allowed by the master, the complainant is entitled to costs on the exceptions allowed, and neither party is entitled to costs as to those which are disallowed.

1829.

Richards
v.
Barlow.

If some of the exceptions are disallowed, and none of them are allowed in full, the defendant is entitled to his costs on the reference.

On exceptions to a report, each party is entitled to the costs of the hearing as to the exceptions decided in his favor, which costs are to be off set against each other.

Where the costs of exceptions on each side would be nearly equal, the usual practice of the court is to give no costs to either party.

The subpœna for a better answer may be taken out immediately on filing the master's report, and may be served on the solicitor.

The subpœna for costs must be served on the defendant in person, and the amount of costs, as ascertained on taxation, must be inserted therein.

On taxation of costs, no allowance is to be made for copies of pleadings or proceedings, except where they are actually furnished by order of the court, or in the usual course of practice.

Copies of pleadings of the master are not allowed on a reference of exceptions to an answer, unless in cases of difficulty where copies are required by him, and are actually made for that purpose.

On exceptions to a master's report on exceptions, the solicitor is only entitled to the usual fee for attendance on special motions.

Only one solicitor's and counsel fee can be charged on a reference; and only one fee can be allowed to the master, except by the special order of the court.

On references of exceptions to answer, no objections are taken to the draft of the master's report and copies of such draft for the parties are not taxable.

[*324]      *THIS was an application to vacate an order for costs, and an order for an attachment, and for a retaxation. The facts in the case sufficiently appear in the opinion of the court.

*H. Bleecker*, for the complainant.

*W. Silliman*, for the defendants.

THE CHANCELLOR :—The defendant applies to set aside the order for costs made in this cause, on the hearing of exceptions to the master's report on the first answer of the defendant, and the costs on the hearing as to the sufficiency of the second answer, on the ground that the Chancellor was misled by a statement of the complainant's counsel as to the particular objections made before the master. From

the affidavits and the certificate of the master, there is no doubt that the statement of the counsel was incorrect in point of fact. But it also appears the objections were made before the master after the complainant's counsel had left the office. There was not therefore any intentional mis-statement for the purpose of deceiving the court; and the only question is, whether those objections were material. The original exceptions to the answer are not before me on this motion; but my impression is that I considered the objections made on the argument as unsound, and that they could not be sustained independent of the suggestion that those objections were not made before the master. But certainly this is not the proper method of reviewing the decision on the exceptions. If the defendant's counsel thought the objections tenable, he should have applied for a rehearing.

The defendants also objected to the allowance of costs against Barlow and High, for the proceedings before the master on the reference of the further answer. On the hearing of the exceptions to the master's report, it was in part confirmed and in part overruled. And it was ordered that neither the complainant or the defendants recover costs as against the other on the exceptions to the report; but *nothing was said as to the costs of the proceedings before the master.

[*325]

On the hearing of exceptions to an answer before the master, if any of the exceptions are allowed, the complainant is entitled to the costs of the reference, so far as relates to those exceptions, and neither party is entitled to costs on the exceptions which are disallowed. If some of the exceptions are allowed only in part, neither party is entitled to costs in relation to those particular exceptions. If some of the exceptions are entirely disallowed, and none of them allowed in full, the defendant is entitled to his costs on the reference. But on exceptions to a master's report, each party is entitled to costs of the exceptions decided in his favor. If some of the exceptions to an answer are well

taken and others are not, the defendant should submit to answer those which are well taken. In that case only those which are not submitted to will be referred to the master. If the defendant succeeds on those exceptions, he will be entitled to his costs on the reference; and the complainant will be entitled to the costs of the exceptions submitted to, but to no part of the costs of the reference. On exceptions to a master's report, some of which are valid and others not well taken, both parties are compelled to come here to support or oppose the exceptions which are finally decided in their favor respectively. In such cases, if some exceptions are allowed and others disallowed, the costs of the respective parties are off set, and the balance only is to be paid. If the costs on each side will be nearly equal, the court usually refuses to give costs to either party.

The defendant's object to the *ex parte* order for an attachment for not paying the costs of the last hearing before the master, on the ground that it was irregular to take out the subpœna before the master's report was confirmed or had become absolute, and before the costs were taxed. It is also objected that the amount of the costs was not inserted in the subpœna. From the cases cited by the defendants' counsel, it appears that the subpœna for a better answer, and the subpœna for costs, are not the same process, but [*326] separate *and distinct proceedings. The first may be taken out immediately upon the filing of the master's report. It may be served on the solicitor or clerk in court, and the defendant must file his exceptions to the report within eight days, or it will become absolute. The subpœna for costs cannot issue until the amount is ascertained by taxation. It must be served on the party personally, unless otherwise specially directed by the court. It is founded upon the taxed bill of costs and the amount as liquidated is set forth in the body and label of the writ. (1 Turner's Ch. R. 362, note; 1 Harrison, 240, 470; Prac. Reg. 406; 1 Fowler's Exc. 446; 2 id. 362; Howard's Eq. Side, 371; Prax. Alm. Cur. Can. 6, 13, 60; Hinde's Pr. 256, 258, 264, 272.) The

complainant may, at his election, have one subpœna for costs and another for a better answer, or have one subpœna for both. (Prac. Reg. 203, 407.) But if both objects are embraced in the same process, the costs must be first taxed, and the amount thereof inserted in the subpœna; and the service as to the costs must be on the party. The subpœna for costs in this cause, and the order for attachment founded thereon, were irregular, and must be set aside.

The defendants also ask for a retaxation of the several bills of costs. Upon looking into the bills annexed to the affidavits in this case, I am satisfied they are all taxed much too high. Whether the erroneous items were particularly objected to before the master, does not distinctly appear; but many of them should have been stricken out by him, whether objected to or not. As there must be a retaxation, I shall not attempt to point out the several items; but it may be proper to lay down some general rules, which are applicable to this case, and to all others.

Under the fee bill of February, 1824, the register is entitled to the fees of drawing all common orders, at the rate of 20 cents per folio, and 12 1-2 cents for entering the same. No engrossment is required, and no copies are to be allowed except those which are necessary to be served, according to the usual course of practice.

No copies of pleadings are to be allowed, except such as are required by the ordinary practice of the court, and which *are actually made out and furnished, except in special cases where the Chancellor directs copies to be made and furnished for a particular purpose. But one solicitor's or counsel fee is to be allowed on arguing exceptions before a master, although the reference continues more than one day; and the master is only entitled to one fee for the hearing. If he claims pay for extra services in any case beyond the amount mentioned in the fee bill, the allowance can only be obtained on a special application to the court.

On a reference of exceptions to an answer, no objections are taken to the draft of the master's report, and no copies of

1829.

Richards
v.
Barlow.

[*327]

such draft are to be allowed, except the engrossed copy which is prepared by the master to file. A copy of the exceptions for the master on the hearing is to be allowed, but no copies of other pleadings, except in cases of great difficulty, when they are actually made for that occasion, and furnished in pursuance of an express direction of the master. In all other cases, the drafts or copies belonging to the solicitors are to be produced before the master, and left with him as long as may be necessary. When the same copies are used on different occasions before the court, the solicitor is only entitled to pay for them once.

Exceptions to a report on exceptions to an answer being now brought on and heard as a special motion, the solicitor is only allowed the ordinary fee on special motions; but $5 is to be allowed to counsel on the argument agreeably to the fee bill. The party excepting to a report furnishes the necessary copies for the hearing; and they are not to be allowed to the adverse party unless furnished at the request of the party excepting. If both parties except to the report, the complainant is to furnish the necessary copies, except copies of the exceptions, of which each party furnishes copies of his own; and all the exceptions are heard together.

There must be a retaxation of the several bills of costs in this case. And if any thing has been overpaid, it must be refunded to the party entitled to the same.

[*328]

*This cause afterwards came up again before the Chancellor, on a motion for another retaxation of the costs; on which occasion the Chancellor gave further directions as to the taxation, which are contained in the following opinion:

THE CHANCELLOR:—On the former application for a retaxation of the costs in this cause, the court did not attempt to decide on the objectionable items, but stated general principles by which the master was to be governed in the taxation. So far as those principles extended, the master

has conformed to them in this taxation; but new questions having arisen, it becomes necessary to give further directions as to the taxation of these costs.

The first objection is, that the master has allowed the solicitor to charge several copies of the common order of reference of exceptions served on the solicitors for the defendants. The service of these copies was wholly unnecessary. The exceptions had been served, and the master's summons was all the notice requisite to apprise the defendants that the order of reference was entered. Neither was it necessary to serve copies of the master's report. After it was filed, either party was at liberty to apply to the register for a copy, if he wished it; and if the defendants wanted no copies, they ought not to be compelled to pay for those which the adverse party unnecessarily served on them. By the subpœna for a better answer, they were informed that the report was filed, and that it was against them, and they were bound at their peril to take notice of its contents.

Another objection is, that the summons was served on the different solicitors by different persons, and that several affidavits of the service are charged, when only one was necessary. If this mode of service was adopted unnecessarily, and for the purpose of swelling the costs, only one affidavit should have been taxed; but it appears that several affidavits were actually made, and the master has decided they were necessary and proper. This was a matter resting in the sound discretion of the master, and I have not sufficient before me to say his decision in this respect was wrong.

The only remaining objection relates to the prospective costs. Where the party is obliged to serve a copy of the *taxed bill to compel payment, he has a right to tax it prospectively, together with the charge for the demand. But as the statute prohibits any allowance for prospective costs, if payment is made before these services are actually performed, they must be deducted by the solicitor. If the party proceeds by subpœna, the amount is inserted therein, and no service of the taxed bill is necessary. The party

[*329]

cannot, therefore, be allowed for both. The affidavit of service and demand cannot be taken prospectively, as it is to be presumed the costs will be paid agreeably to the order of the court. If any further proceedings are necessary, the costs thereof and of the affidavits on which they are founded will be provided for by the subsequent order of the court.

The bills must be retaxed on these principles, and neither party is to have costs on this application.